UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONALD BRENT WILLSEY,            )
                                 )
                Plaintiff,       )
                                 )
        v.                       )      No. 1:23-cv-00370-JPH-TAB
                                 )
UNITED STATES OF AMERICA, *et al.*,  )
                                 )
                Defendants.      )

**ORDER SCREENING COMPLAINT**

Plaintiff Donald Brent Willsey, proceeding *pro se*, has filed a complaint against 34 defendants, asserting wide-ranging allegations that focus on how the government covered up dangers associated with COVID-19 vaccines.  For a variety of reasons explained below, only Mr. Willsey's negligence claim against the United States may proceed.

**I.**
**Screening**

**A. Screening Standard**

The Court has the inherent authority to screen Mr. Willsey's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.  *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

1

Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

To survive dismissal,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim for relief that is
> plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are construed

liberally and held to a less stringent standard than formal pleadings drafted by

lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).  Moreover, "it is

always a federal court's responsibility to ensure it has jurisdiction." *Hukic v.*

*Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

### B. The Complaint

Mr. Willsey sues 34 defendants for their role in the COVID-19 pandemic

and the rollout of vaccines for the virus.  Dkt. 1.  In general, he claims that the

United States and several of its agencies "censored and editorialized free speech

and the press and recommended the use of a faulty product"—a vaccine—"from

a private company." *Id.* at 10.  Additionally, he claims that a swath of federal

and state officials were "all negligent" "by accepting their positions." *Id.*  He

also brings several other claims against a vaccine manufacturer, hospitals,

doctors, clinics, and pharmacies. *Id.* at 10–11.  He claims that, because he

received a COVID-19 vaccine, "according to [his] doctors, [he is] going to die

September of 2026 plus or minus a few months." *Id.* at 10.

**C. Discussion of Claims**

**1. Jurisdiction**

Federal courts are courts of limited jurisdiction.  In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  The plaintiff bears the burden of establishing subject-matter jurisdiction.  *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States.  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Construed liberally, Mr. Willsey's complaint makes out a few claims that invoke the Court's jurisdiction.  First, he brings two claims under the Court's federal-question jurisdiction: (1) he seeks money damages from the United States and a host of federal agencies[1] for violating the First Amendment; (2) he

---

[1] The U.S. Department of Health and Human Services, the National Institutes of Health, the Centers for Disease Control and Prevention, the Federal Bureau of Investigation, the Central Intelligence Agency, and the Internal Revenue Service.  Dkt. 1 at 10–11.

brings a negligence claim for money damages against the United States, several federal agencies,[2] and multiple federal officials[3]; and (3) he claims that IU Health, Indiana, and Indiana University "conspired to present false designations of origins" in violation of 15 U.S.C. § 1125.  Dkt. 1 at 1, 10–11. He also appears to bring two claims under the Court's diversity-of-citizenship jurisdiction: (1) a negligence claim against Pfizer, Inc., a New York corporation; and (2) a claim that out-of-state companies "The Little Clinic, The Kroger Co. and Ascension St. Vincent procured and administered a faulty product in my body."  *Id.* at 2, 10–11.

Second, Mr. Willsey appears to be attempting to invoke the Court's supplemental jurisdiction to hear the rest of his case—namely, (1) negligence claims against Indiana, some of its state officials,[4] a few of its agencies,[5] and the City of Indianapolis; and (2) a medical malpractice claim against several Indiana-citizen doctors.[6]  *Id.* at 9–11.  While this Court generally can't hear state-law claims between citizens of the same state on their own, it can do so "in any civil action of which the district courts have original jurisdiction," so long as those claims "are so related to claims in the action . . . that they form

---

[2] The Centers for Disease Control, the Food and Drug Administration, the U.S. Department of Health and Human Services, and the Federal Communication Commission.  *Id.*

[3] President Donald J. Trump, President Joseph R. Biden, Jr., Anthony S. Fauci, Vice Admiral Vivek H. Murthy, Rochelle P. Walensky, and Jeff Zients.  *Id.*

[4] Governor Eric Holcomb, State Health Commissioner Kris Box, Indianapolis Mayor Joe Hogsett, and Chief Medical Officer of the Marion County Public Health Department Virginia Caine.  *Id.* at 10.

[5] The Indiana Department of Health and the Marion County Health Department.  *Id.*

[6] Michael S. Brody, Tricia Wright, and Yazid Y. Fadl.  *Id.* at 9, 11.

part of the same case or controversy." 28 U.S.C. § 1367(a). For this situation—called supplemental jurisdiction—to be found, both the state and federal claims must derive from a "common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). This may arise, for example, when "the supplemental claim involves the same parties, contracts, and course of action as the claim conferring federal jurisdiction." *Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018) (citing cases).

Here, these state-law claims do not derive from a "common nucleus of operative facts." *Gibbs*, 383 U.S. at 725. While Mr. Willsey's state-law claims have a background that overlaps with the rest of his complaint—*i.e.*, the rollout of COVID-19 vaccines—they do not have a common set of facts. Simply put, deciding whether Indiana state officials were negligent in their handling of the pandemic on the state level requires evidence entirely separate from determining whether federal officials were negligent at the federal level. *See Prolite*, 891 F.3d at 258–59 (noting that, while the claims have "some things in common with each other," "it is impossible to say that [the two claims] are just one big controversy"). Therefore, Mr. Willsey's claims against Indiana, the state agencies and officials, *see supra* fns. 4–5, and the doctors, *see supra* fn. 6, must be **DISMISSED** for lack of jurisdiction.

### 2. Other Issues

While the Court has jurisdiction to hear several of Mr. Willsey's claims, there are issues with those claims as presented.

First, Mr. Willsey's asks for money damages because of alleged constitutional violations by federal actors.  Dkt. 1 at 10–11.  The Court construes this claim as one arising under the theory recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  But *Bivens* claims are limited to certain contexts and, most importantly here, only allow suit for constitutional violations committed by federal officials.  *See id.* at 395.  A *Bivens* cause of action therefore may not be brought against a federal agency or the United States itself.  *FDIC v. Meyer*, 510 U.S. 471, 483–85 (1994).  Mr. Willsey's First Amendment claims against the United States and several of its agencies, *see supra* fn. 1, must be **DISMISSED**.

Second, Mr. Willsey claims that the United States, several federal agencies, and multiple federal officials were negligent in the development of COVID-19 vaccines.  Negligence claims based on acts or omissions of the United States and its employees must be resolved through the Federal Tort Claims Act (FTCA).  28 U.S.C. §§ 2672, 2679(b)(1).  "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (affirming dismissal of non-United States defendants in FTCA case).  Therefore, all negligence claims against federal agencies and federal officials, *see supra* fns. 2–3, must be **DISMISSED**.

Mr. Willsey's negligence claim against the United States, however, **may proceed**.  He alleges that the United States, through its agents, collaborated with pharmaceutical companies to develop COVID-19 vaccines that it knew caused severe side effects.  Dkt. 1 at 10.  Additionally, members of the

government told Americans to take the vaccine.  *See id.*  Mr. Willsey alleges

that, since he received a COVID-19 vaccine, he has had health problems, and

he is "going to die September of 2026 plus or minus a few months."  *Id.* at 10.

That's enough facially plausible content—at the pleading stage—to make out a

negligence claim against the United States.  *See Boruski v. United States*, 803

F.3d 1421, 1424 (7th Cir. 1986) (allegations that "the United States authorized,

commissioned, and procured" a vaccine, causing plaintiff to contract a disease,

were enough to get case past pleading stage).

Last, Mr. Willsey's last three claims cannot proceed as presented.  To

state a claim for relief, a complaint must provide more than "abstract

recitations of the elements of a cause of action or conclusory legal statements."

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Instead, a plausible claim

must include "factual content" sufficient to allow the Court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, these claims are no more

than "conclusory legal statements":

- "Pfizer, Inc. is negligent for manufacturing and distributing a harmful product."  Dkt. 1 at 10.

- "IU Health conspired to present false designations of origins with the State of Indiana and Indiana University."  *Id.*

- "The Little Clinic, The Kroger Co. and Ascension St. Vincent procured and administered a faulty product in my body and caused great harm."  *Id.* at 11.

These "naked assertions" are insufficient to avoid dismissal.  *See Iqbal*, 556

U.S. at 678.  To state a claim, Mr. Willsey needs to "give enough details about

the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). As it stands now, though, these claims must be **DISMISSED**.

A few final notes. Mr. Willsey names the People's Republic of China (PRC) and the Wuhan Institute of Virology (WIV) as defendants, but it's not clear what his claims against them are. In any case, the Foreign Sovereign Immunities Act "holds foreign states and their instrumentalities immune from the jurisdiction of federal and state courts," save exceptions not relevant here. *Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605 (2020); *see Missouri ex rel. Schmitt v. People's Republic of China*, No. 1:20 CV 99 SNLJ, 2022 WL 2643516, at *17 (E.D. Mo. July 8, 2022) (determining that federal courts have no jurisdiction over the PRC and the WIV in COVID-19 case). Therefore, the claims against the PRC and WIV are **DISMISSED**.

Also, Mr. Willsey also names "IU Health Physicians Family Medicine" and "IU Health Physician Cardiology" as defendants, *see* dkt. 1 at 7, but he makes no allegations against them, *see generally id.* Therefore, any claims against them are **DISMISSED** for failure to state a claim.

## II.
## Conclusion

In summary, only Mr. Willsey's negligence claim against federal actors—with the United States as the lone defendant—survives screening. All other claims have been dismissed for the reasons stated above.

Therefore, the **Clerk is directed to terminate** the following Defendants

from the docket:

- U.S. Department of Health and Human Services;
- National Institutes of Health'
- People's Republic of China;
- Wuhan Institute of Virology;
- Pfizer, Inc.;
- Centers for Disease Control and Prevention;
- Food and Drug Administration;
- Federal Bureau of Investigations;
- Central Intelligence Agency;
- United States Department of Homeland Security;
- Federal Communication Commission;
- Internal Revenue Service;
- State of Indiana;
- Indiana University;
- IU Health;
- IU Health Physicians Family Medicine;
- IU Health Physicians Cardiology;
- Donald J. Trump;
- Joseph R. Biden, Jr.;
- Anthony S. Fauci;
- Vivek Murthy;
- Rochelle P. Walensky;
- Jeff Zients;
- Eric Holcomb;
- Kris Box;
- Joe Hogsett;
- Virginia A. Caine;
- Michael S. Brody;
- Tricia Wright;
- Yazid Y. Fadl;
- Little Clinic;
- Kroger Co.; and
- Ascension Health Alliance, Ascension St. Vincent.

Mr. Willsey has two choices on how to proceed:

- *First*, he can continue with this complaint as his operative pleading,
  proceeding only against the United States on his negligence claim.
  If the Court does not hear otherwise **by April 28, 2023,** it will serve
  the United States per Federal Rule of Civil Procedure 4(i)(1), along

with a copy of his complaint, dkt. 1, and a copy of this order.

- *Second*, he can file an amended complaint to remedy the issues raised in this order.  Because an amended complaint completely replaces previous pleadings, it must be a complete statement of Mr. Willsey's claims.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The amended complaint must comply with Federal Rule of Civil Procedure 8 by clearly specifying the defendants against whom claims are raised; explaining what each defendant did, and when; and explaining what the plaintiff is seeking.  The amended complaint must also include the case number, No. 1:23-cv-00370-JPH-TAB, and "Amended Complaint" on the first page.  Mr. Willsey has **until April 28, 2023,** to file an Amended Complaint, if he so chooses.

If Mr. Willsey chooses to file an amended complaint, the Court retains the discretion to screen it again.  *See Rowe*, 196 F.3d at 783.  Additionally, if Mr. Willsey again names a significant number of defendants, the Court will consider whether any claims are subject to severance or dismissal.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that district court should have questioned plaintiff's "decision to join 24 defendants, and approximately 50 distinct claims, in a single suit" under Fed. R. Civ. P. 18(a)).

**SO ORDERED.**

Date: 4/10/2023

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONALD BRENT WILLSEY
7922 Islay Court
Indianapolis, IN 46217