UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD BRENT WILLSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00370-JPH-CSW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

Plaintiff Donald Brent Willsey claims he started having health problems shortly after his first COVID-19 vaccine shot. He then sued the United States alleging that its agencies and officials were "negligent for failing to protect[]" him during the COVID-19 pandemic. Dkt. 1 at 10. The United States has moved to dismiss Mr. Willsey's complaint for failure to state a claim. Dkt. [16]. Because the United States is immune from liability, that motion is **granted**.

**I.
Facts and Background**

Because the United States has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Mr. Willsey says that during the COVID-19 pandemic, the United States, and its agencies "recommended the use of a faulty product"—a vaccine—"from a private company." Dkt. 1 at 10. Further, the United States "was negligent for failing to protect[ ] the citizens of the United States" during this time. *Id.* at 10. Mr. Willsey says he took the COVID-19 vaccine, problems ensued, and

1

doctors have informed him he is "going to die September of 2026 plus or minus a few months." *Id.* at 10–11.  He seeks damages for "medical expenses, loss of income, and pain and suffering, as well as punitive damages.  *Id.* at 11.

Mr. Willsey's complaint named 34 defendants, dkt. 1 at 4–10.  The Court screened his complaint, and the only claim that remains is a negligence action against the United States.  Dkt. 8 at 1.  The United States has moved to dismiss.[1]  Dkt. 16.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim."  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[1] The United States moved in the alternative for summary judgment.  Dkt. 16.  Since this case will be dismissed on Rule 12(b)(6) grounds, the United States' summary judgment arguments will not be discussed.

# III.
# Analysis

The United States argues Mr. Willsey's claim is barred by the "broad" immunity conferred by the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 ("PREP Act").[2]  Dkt. 17 at 5–6. Mr. Willsey argues[3] that the PREP Act "does not supersede the Constitution . . . especially in the absence of good faith."  Dkt. 19 at 5–6.

The PREP Act provides immunity for "covered person[s]" who administer "covered countermeasures":

> [A] covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [of a public health emergency] has been issued [by the Secretary] with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1), (b).  The United States is a "covered person" under the statute, 42 U.S.C. § 247d-6d(h)(i)(2)(A), and a "covered countermeasure" is, among other things, a "qualified pandemic or epidemic product."  These include "biological product[s]," *id.* § 247d-6d(h)(i)(1)(A), (i)(7), like vaccines.  42 U.S.C. § 262(i).  PREP Act immunity "applies to any claim for loss that has a causal

---

[2] "[I]mmunity is an affirmative defense."  *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (7th Cir. 2005).  "Technically, one might see [a motion to dismiss based on an affirmative defense] as a motion for judgment on the pleadings under Rule 12(c) rather than a motion under Rule 12(b)(6), but the practical effect is the same."  *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).  Therefore, the Court will consider the United States' immunity argument under Rule 12(b)(6).
[3] Mr. Willsey did not respond to the United States' motion to dismiss or for summary judgment, dkt. 16, but instead filed his own motion for summary judgment, dkt. 19. In that motion, he responded to the United States' arguments, so the Court treats Mr. Willsey's motion as his response.

relationship with the administration to or use by an individual of a covered countermeasure, including . . . the development, . . . distribution, administration, . . . or use of such countermeasure."  *Id.* § 247d-6d(a)(2)(B).

PREP Act immunity applies once the Secretary of Health and Human Services ("the Secretary") determines that a health condition constitutes a public health emergency; recommends the "development, distribution, administration, or use of one or more covered countermeasures"; and states that the immunity provision is in effect with respect to those activities.  *Id.* § 247d-6d(b)(1).  The Secretary did those things in March 2020.  *See* Declaration Under the PREP Act, 85 Fed. Reg. 15198-01 (Mar. 17, 2020) (Secretary's Declaration conferring immunity to the United States when manufacturing, distributing, administering, or using COVID-19 vaccines).[4]  The PREP Act therefore provides the United States immunity from all claims for loss resulting from the administration and use of COVID-19 vaccines.  *See Storment v. Walgreen Co.*, No. 1:21-cv-898 MIS/CG, 2022 WL 2966607, *2–3 (D.N.M. July 27, 2022) (finding private defendant was immune from liability under the PREP Act in COVID-19 vaccine related suit); *Cowen v. Walgreen Co.*, No. 22-cv-157-TCK-JFJ, 2022 WL 17640208, at *2–3 (N.D. Okla. Dec. 13, 2022) (same).

---

[4] The PREP Act also created a "Covered Countermeasure Process Fund" to provide "timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure," but no court has subject matter jurisdiction to review CCPF decisions.  42 U.S.C. § 247d-6(e)(a)–(b).  The Court therefore does not address Mr. Willsey's arguments about how that program is administered.  *See* dkt. 19 at 1–5.

4

Mr. Willsey's sole remaining claim is that the United States collaborated with pharmaceutical companies during the COVID-19 pandemic to develop vaccines and encouraged Americans to take them. Dkt. 1 at 10–11; dkt. 8 at 6–7. He alleges that the vaccine caused him health problems. Dkt. 1 at 10–11. Because his claim and subsequent damages rely on the use of the vaccine and its rollout, including its development, distribution, administration, and use, the government is immune under the PREP Act. *See* 42 U.S.C. § 247d-6d(a)(2)(B).

Mr. Willsey nevertheless argues that the PREP Act can't provide immunity in the absence of "good faith or when violating basic constitutional rights." Dkt. 19 at 2. PREP Act immunity, however, applies regardless of good faith, *see* 42 U.S.C. § 247d-6d(a)(2)(B), and Mr. Willsey does not develop any argument that it's unconstitutional, *see* dkt. 19.[5] Therefore, Mr. Willsey's negligence claim against the United States based on COVID-19 vaccine administration and use is **dismissed with prejudice** because the United States is immune from liability.

---

[5] Because Mr. Willsey's claim is barred by PREP Act immunity, the Court does not address his arguments regarding documents sent to the Department of Health and Human Services, or alleged retaliation and intimidation by the IRS. Dkt. 19 at 1–5. The Court dismissed Mr. Willsey's claims against the IRS at screening, dkt. 8 at 6, and regardless, those arguments are not relevant to PREP Act immunity. Similarly, the Court does not address the United States' additional arguments in support of dismissal since its PREP Act argument is dispositive. *See* dkt. 17.

# IV.
# Conclusion

Defendant's motion to dismiss, dkt. [16], is **GRANTED,** and the complaint is **dismissed with prejudice.** Mr. Willsey's motion for summary judgment is **denied** because his claim has been dismissed. Dkt. [19].

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 3/8/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONALD BRENT WILLSEY
7922 Islay Court
Indianapolis, IN 46217

All electronically registered counsel